**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| In re: ) | |
| Building Materials Corporation of America ) | |
| Asphalt Roofing Shingle Products Liability ) | MDL No.: 8:11-mn-02000-JMC |
| Litigation, ) | |
| _____ ) | |
| ) | |
| Sybil McDaniel, on behalf of herself ) | |
| and all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 8:11-cv-02879-JMC |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Building Materials Corporation of America, ) | |
| dba GAF Materials Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Building Materials Corporation of America, doing business as GAF Materials Corporation's ("GAF"), Motion to Dismiss the First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 25]. Extensive memoranda in support of and in opposition to these motions have been filed by the parties. Having considered the written arguments of the parties and the record before the court, GAF's motion is granted in part and denied in part.

**FACTUAL AND PROCEDURAL BACKGROUND**

GAF is a Delaware corporation with its principal place of business in Wayne, New Jersey. It manufactures roofing materials, including asphalt roofing shingles marketed under the Timberline® brand name, in facilities located across the United States and sells these shingles nationwide. Plaintiff Sybil McDaniel ("McDaniel") is a homeowner in Norfolk, Virginia, who

1

alleges that she purchased Timberline shingles for installation on the roof of her home in 2005. In purchasing the shingles, McDaniel contends that she relied on certain representations made by GAF and its agents including, but not limited to, promotional statements marketing the shingles as having superior durability qualities and expressly warranting on the shingle packaging that the product complied with ASTM International ("ASTM") industrial standard D3462. She further alleges that the shingles installed on her roof were manufactured and sold to her with a latent defect that causes the shingles to prematurely crack, of which GAF was aware but intentionally failed to disclose to McDaniel and other consumers. She further alleges that the shingles on her roof are exhibiting other defects such as "fishmouthing, grit loss, curling, and separation," resulting in roof leaks in her home. McDaniel brings this putative class action against GAF asserting claims for breach of express and implied warranties (counts I and II); negligence and negligent failure to warn (counts III and IV); violation of the New Jersey Consumer Fraud Act ("NJCFA") (count V); violation of the Virginia Consumer Protection Act ("VCPA") (counts VI and VII); fraudulent concealment/equitable tolling (count X); and declaratory and injunctive relief (count IX) arising from GAF's sale of the allegedly defective roofing shingles.[1]

## LEGAL STANDARD

**Standard of Review**

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] This motion and related memoranda refer to McDaniel's First Amended Complaint, which is not officially filed in the docket of this case but merely attached as Exhibit 3 to Plaintiff Sybil McDaniel's Opposition to GAF's Motion to Dismiss the First Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted. *See* [Dkt. No. 30-3]. The Amended Complaint does not contain any claim numbered as count VIII.

accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citations omitted).  Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor.  *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).  The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

**Choice of Law**

"This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. For diversity cases that are

3

transferred in a [multi-district litigation], the law of the transferor district follows the case to the transferee district." *In re MI Windows and Doors, Inc. Prod. Liab. Litig.*, Nos. 2:12–mn–00001, 2:12–cv–01256–DCN, 2012 WL 4846987, at *1 (D.S.C. Oct. 11, 2012) (citing *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010) and *Manual for Complex Litigation Fourth* § 20.132). This case was originally filed in the United States District Court for the Eastern District of Virginia. Therefore, Virginia's choice of law rules apply in this case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) (per curiam). Courts applying Virginia law have found it appropriate to resolve choice of law issues on a motion to dismiss. *See Insteel Industries, Inc. v. Costanza Contracting Co., Inc.*, 276 F. Supp. 2d 479, 486 (E.D. Va. 2003).

McDaniel has essentially conceded the applicability of Virginia law in all claims except the NJCFA claim as she primarily relies on law from the United States Court of Appeals for the Fourth Circuit, the United States District Courts in Virginia, and Virginia state law throughout her response memorandum and only challenges the choice of law issue as it applies to the NJCFA claim. Accordingly, the court will focus its analysis of the choice of law issue on the NJCFA claim.

## DISCUSSION

**Timeliness of Legal Action**

### A. Statute of Repose

GAF asserts that McDaniel's claims based on negligence and fraud theories are barred by Virginia's five-year statute of repose applicable to actions for improvements to real property. *See* Va. Code Ann. § 8.01-250 (2007). McDaniel refutes GAF's position, contending that GAF waived its statute of repose arguments by issuing an express warranty extending coverage for the

4

shingles far beyond the statutory limit. *See* Plaintiffs' Omnibus Opposition to GAF's Motion to Dismiss Based on Warranty and Repose Arguments ("Plaintiffs' Omnibus Memorandum") [MDL No. 8:11-mn-02000-JMC, Dkt. No. 71].

Unlike a statute of limitations, a statute of repose is a condition precedent to the recognition of a cause of action. *See Commonwealth v. Owens–Corning Fiberglas Corp.,* 238 Va. 595, 385 S.E.2d 865 (1989). "Such statutes reflect a legislative policy determination that a time should come beyond which a potential defendant will be immune from liability for his past acts and omissions." *Id*.

> The statute of repose effective for purposes of this case provided that
>
> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction ...

Va. Code Ann. § 8.01-250. Generally, statutes of repose are not subject to tolling. *Jones v. Saxon Mortg., Inc*., 537 F.3d 320, 327 (4th Cir. 1998).

In this case, McDaniel predominantly argues that the statute of repose does not apply in this case because GAF's representations concerning the ASTM certifications affixed to the product packaging and the GAF Smart Choice Shingle Limited Warranty ("Smart Choice Warranty") [Dkt. No. 25-7][2] extended the warranty of the product beyond the statute of repose

---

[2] The GAF Smart Choice Shingle Limited Warranty is attached as Exhibit A to the Affidavit of Linda Marion [Dkt. No. 25-6] submitted by GAF in support of its motion. A court may consider documents attached to a motion to dismiss if such documents are integral to and explicitly relied on by the plaintiff in the complaint, provided that the plaintiff does not dispute the authenticity of the documents. *See Beasley v. Arcapita, Inc*., 436 F. App'x. 264 (4th Cir. 2011); *but see Braun v. Maynard*, 652 F.3d 557 (4th Cir. 2011) (noting that, on motion to dismiss, the court should not consider a document not relied upon expressly by the plaintiff in the complaint). McDaniel has

5

provided by Virginia law. However, GAF does not seek to bar McDaniel's warranty claims under a statute of repose. McDaniel has offered no authority, and this court has not found any authority, for why her negligence and fraud claims are not subject to the statute of repose. The Amended Complaint alleges that McDaniel purchased the subject shingles in 2005. She did not commence this action until 2011 – beyond the five-year statute of repose. Accordingly, McDaniel's negligence and fraud based claims are dismissed with prejudice on the ground that they are barred by the statute of repose.

### B. Statute of Limitations

GAF additionally contends that McDaniel's warranty claims fail because the statute of limitations expired before she commenced her action against GAF.

GAF asserts that the Virginia's four-year statute of limitations for breach of warranty in the sale of goods applies to this action. *See* Va. Code Ann. § 8.2-725(1).

> A cause of action [for breach of warranty] accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Va. Code Ann. § 8.2-725(2).

Warranties extending to future performance must expressly refer to the future. *See E. T. Gresham Co., Inc. v. Koehring Crane and Excavator Group*, 479 F. Supp. 132, 133 (E.D. Va. 1979) (internal citations omitted). Virginia courts have found that a contract including a continuing duty to repair may evidence an explicit warranty that anticipates future performance. *See Luddeke v. Amana Refrigeration, Inc.*, 387 S.E.2d 502, 206 (Va. 1990) (noting that an

---

not disputed the authenticity of the document and has expressly relied upon the warranty in her Amended Complaint.

express warranty explicitly limited to provide "a free replacement part ... for any part found defective" over a certain time period could arguably constitute a warranty extending to future performance). However, implied warranties cannot explicitly extend to future performance. *See E.T. Gresham Co.*, 479 F. Supp. at 133.

McDaniel, relying solely on Plaintiffs' Omnibus Memorandum, argues that her warranty claims should survive because GAF's alleged marketing and advertising representations that the shingles would last a certain number of years was sufficient to constitute a warranty for future performance. McDaniel additionally contends that, regardless of the court's interpretation of the warranty as one for future performance, her claim is still timely filed because the statute of limitations was equitably tolled by GAF's acts of fraudulent concealment.

Virginia law allows for the tolling of a statute of limitations period where the plaintiff can demonstrate fraudulent concealment. *Flick v. Wyeth LLC*, No. 3:12–cv–00012, 2012 WL 4458181, at *3 (W.D. Va. June 6, 2012). Virginia statutory law provides, "[w]hen the filing of an action is obstructed by a defendant's [use of any] direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought." Va. Code Ann. § 8.01–229(D). The plaintiff must demonstrate fraudulent concealment by showing "affirmative acts of misrepresentation. . . . Additionally, such conduct 'must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action,' and further must be 'designed or intended, directly or indirectly, to obstruct' a plaintiff's filing of this action." *Flick*, 2012 WL 4458181, at *3.

In her Amended Complaint, McDaniel alleges that GAF affirmatively misrepresented the quality of its product by marketing and labeling its shingles as ASTM and code compliant

despite GAF's alleged knowledge that such representations were false. *See generally,* Amended Complaint. McDaniel further alleges that, due to the latent nature of the alleged defect, she had no reasonable method of discovering her cause of action until the product began to manifest an issue which would have prompted some manner of inquiry as to the source of the problem. *Id*. The court finds that McDaniel has sufficiently alleged fraudulent concealment/equitable tolling to survive GAF's efforts to dismiss her warranty claims based on the statute of limitations. Therefore, the court denies GAF's request to dismiss McDaniel's express warranty claims on this basis. However, because McDaniel's implied warranty claims may not be extended to future performance and McDaniel failed to bring her implied warranty claims within the statute of limitations period, the court must dismiss the implied warranty claims with prejudice.

**Warranty Claims**

### A. Warranty Disclaimer

GAF contends that the court should dismiss McDaniel's warranty claims because GAF effectively disclaimed all express and implied warranties except as set forth in GAF's Smart Choice Warranty.

Virginia statutory law allows for the exclusion or modification of warranties. Va.Code Ann. § 8.2-316 provides, in part,

> (1) Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other; but subject to the provisions of this title on parol or extrinsic evidence (§ 8.2-202) negation or limitation is inoperative to the extent that such construction is unreasonable.
>
> (2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example,

that "There are no warranties which extend beyond the description on the face hereof."

3) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty. . . .

In her Amended Complaint, McDaniel specifically alleges that she "relied on the accuracy of the designations affixed to the shingles and their packaging." Amended Complaint, at ¶ 120. As represented by Linda Marion, the Smart Choice Warranty [Dkt. No. 25-7] was also affixed to every package of GAF shingles. The Smart Choice Warranty explicitly limits coverage and provides for a "**Sole and Exclusive Warranty**" that is "EXCLUSIVE AND REPLACES ALL OTHER WARRANTIES, WHETHER EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE." *Id.* (emphasis in original).

Upon review of the disclaimer in the Smart Choice Warranty document that GAF contends was affixed to the packaging of the shingles, which McDaniel does not dispute, the court finds that the disclaimer complies with the statute allowing exclusion or modification of warranties. Specifically, the disclaimer appears in all capital letters directly below a heading captioned in bold type. Indeed, McDaniel does not even refute GAF's argument that the disclaimer complies with the statutory requirements. Instead, McDaniel argues that GAF's disclaimer and efforts to limit its warranties fail because the Smart Choice Warranty is unconscionable.

Incorporating the arguments from Plaintiffs' Omnibus Memorandum, McDaniel contends that the warranty disclaimers and remedial limitations found in GAF's Smart Choice Warranty are unconscionable and unenforceable against her and members of the purported class because

9

GAF knew of the alleged defects in the shingles when it sold them and concealed the defects from consumers to induce sales and avoid its obligations under its warranty.

"[U]nconscionability deals primarily with a grossly unequal bargaining power at the time the contract is formed." *Envirotech Corp. v. Halco Eng'g, Inc.,* 364 S.E.2d 215, 220 (Va. 1988). Pursuant to Virginia law, an unconscionable contract is "one that no man in his senses and not under a delusion would make, on the one hand, and as no fair man would accept, on the other. The inequality must be so gross as to shock the conscience." *Management Enters., Inc. v. Thorncroft Co.,* 416 S.E.2d 229, 231 (Va. 1992) (internal quotation marks omitted).

In the Amended Complaint, McDaniel makes various allegations concerning the unfairness and unreasonableness of certain provisions contained in the warranty claim form, which McDaniel further alleges was not part of the Smart Choice Warranty attached to the shingle packaging. *See* Amended Complaint, at ¶¶110-14. Throughout the Amended Complaint, McDaniel additionally alleges that GAF possessed superior knowledge concerning the condition of the shingles which she and the purported class members did not possess, thereby placing them in a significantly inferior bargaining position at the time of the purchase. *See generally* Amended Complaint. Based on the allegations of the Amended Complaint, the court finds that McDaniel has sufficiently alleged that the warranty disclaimer was unconscionable or unenforceable. Therefore, the court denies GAF's request to dismiss McDaniel's express warranty claims on this basis.

**Sufficiency of Fraud Allegations Under Federal Rule of Civil Procedure 9**

GAF seeks dismissal of all claims contained in McDaniel's Amended Complaint which are based on allegations of fraudulent conduct (i.e., violation of the New Jersey Consumer Fraud

10

Act ("NJCFA") (count V); violation of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUTPA") (count VI); and fraudulent concealment/equitable tolling (count VIII)).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to satisfy Rule 9(b), plaintiffs must "at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 379 (4th Cir. 2008) (quoting *Harrison v. Westinghouse Savannah River Co*., 176 F.3d 776, 784 (4th Cir. 1999)).

Upon review of the Amended Complaint, the court finds that the majority of McDaniel's claims of fraudulent conduct do not meet the heightened standard of Rule 9(b). Although McDaniel's Amended Complaint contains copious allegations concerning GAF's advertising, marketing, and fraudulent concealment of information, McDaniel fails to specify the time, place, or manner of these alleged fraudulent activities. In fact, McDaniel's Amended Complaint predominantly rests on broad assertions regarding GAF's conduct in other litigation. McDaniel's allegations against GAF regarding its alleged statements in brochures, on websites, in advertising, or in sales presentations fail the pleading standard of Rule 9(b) and cannot support McDaniel's fraud based causes of action.

However, McDaniel has not made any independent claim for common law fraud. Therefore, McDaniel need plead only one allegation of fraudulent conduct with sufficient particularity to survive dismissal, which the court finds that Morocco has sufficiently provided here. Specifically, McDaniel claims that she relied on the written representations regarding the

ASTM standards and code compliance affixed to the shingles packaging purchased and installed on her home in Virginia in 2005.  *See* Amended Complaint, at ¶¶ 118-121.  This allegation supplies the necessary who, what, when, and where to meet the Rule 9(b) pleading standard.  Therefore, the court will not base its dismissal of McDaniel's fraud based claims on this argument, to the extent the fraud claims could have been supported by her allegations concerning the representations affixed to the shingle packaging purchased and installed on her home.

**New Jersey Consumer Fraud Act**

GAF further argues that the court should dismiss McDaniel's NJCFA claim because she is not entitled to any relief under the statute.  Specifically, GAF complains that McDaniel is a Virginia resident, that she purchased and installed the subject shingles in Virginia, and was exposed to the allegedly fraudulent statements in Virginia; therefore, Virginia substantive law applies to her claims in accordance with Virginia's choice of law rules.

Virginia has adopted the *lex loci delicti* doctrine – the place of the wrong – as its traditional choice of law principle.  *See Jones v. R.S. Jones & Associates,* 431 S.E.2d 33, 34 (1993).  "For torts, under Virginia's choice of law rules, claims are analyzed under the law governing the place of the alleged wrong. The place of alleged wrong is the place where the last event necessary to make an act liable for an alleged tort takes place." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 280 n.6 (4th Cir. 2009) (internal citations and quotation marks omitted).

In the Amended Complaint, McDaniel alleges that GAF's advertising and marketing statements and representations were made or originated from GAF's headquarters in New Jersey but acknowledges that her exposure to the statements and representations was limited to her review of the shingle packaging in Virginia.  Based on the allegations of the Amended

12

Complaint, McDaniel allegedly became aware of and relied upon GAF's representations in Virginia. Additionally, the Amended Complaint alleges that the subject shingles were located in Virginia at all relevant times of McDaniel's awareness and reliance on the representations. Viewing these allegations in consideration of Virginia's general conflict of law principles, the court finds that Virginia law is applicable to McDaniel's claims and she may not recover under the NJCFA. Therefore, the court dismisses McDaniel's NJCFA cause of action against GAF with prejudice.

**Declaratory and Injunctive Relief**

Finally, GAF seeks dismissal of McDaniel's claims for a declaratory judgment and injunctive relief on the basis that McDaniel has only asserted remedies and not independent causes of action.

Under Virginia law, claims for declaratory and injunctive relief are more in the nature of alternative remedies that may be awarded once a party prevails on a proper cause of action, and not causes of action to be pursued independent of an underlying claim. *See Haughton v. Lankford*, 52 S.E.2d 111, 114 (Va. 1949). While McDaniel may request declaratory and injunctive relief as remedies where appropriate based on properly stated causes of action, the court must conclude that the Amended Complaint fails to state an independent basis for either declaratory or injunctive relief separate and apart from the other causes of action asserted in the Amended Complaint. Therefore, the court shall consider McDaniel's claims for injunctive and declaratory relief as alternative and/or additional remedies for the causes of action already asserted but dismiss the claims as independent causes of action.

**CONCLUSION**

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** GAF Materials Corporation's Motion to Dismiss the First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 25] as set forth herein.  Plaintiff Sybil McDaniel may amend her complaint to address the deficiencies noted by the court in this order in support of her warranty claims.  Any such amended pleading must be filed within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 29, 2013
Greenville, South Carolina